# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO.   1:10mj |
| ) | |
| THOMAS ANDREW TALLARICO, ) | |
| ) | |
| Defendant. ) | |

PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Gordon D. Kromberg, Assistant United States Attorney, the defendant, Thomas Andrew Tallarico, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1.  **Offense and Maximum Penalties**

The defendant agrees to plead guilty **to a single count criminal information** charging the defendant with **failing to report the importation of more than $10,000 in cash,** in violation of Title 12, United States Code, Section 1956. The maximum penalties for this offense are one year in prison, a fine of $100,000, a special assessment, and one year of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2.  **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea

agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a. the right to plead not guilty and to persist in that plea;

b. the right to a jury trial;

c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the

2

Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. In accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that Section 2S1.3(b)(2) of the Sentencing Guidelines does *not* apply, and that therefore Section 2S1.3(b)(3) *does* apply, so the offense level should be decreased to Level Six. Assuming the defendant accepts responsibility for this offense, the offense level would be decreased by an additional two levels to Level Four.

5.   Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

6. **Waiver of DNA Testing**

The defendant also understands that Title 18, United States Code, Section 3600 affords a defendant the right to request DNA testing of evidence after conviction. Nonetheless, the defendant knowingly waives that right. The defendant further understands that this waiver applies to DNA testing of any items of evidence in this case that could be subjected to DNA testing, and that the waiver forecloses any opportunity to have evidence submitted for DNA testing in this case or in any post-conviction proceeding for any purpose, including to support a claim of innocence to the charges admitted in this plea agreement.

7. **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $25.

8. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

4

If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 9. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts. Moreover, so long as the defendant appears in Court as required after his guilty plea is entered in accordance with this agreement and accepted by the Court, and so long as the defendant thereafter follows the directions of the Probation Office, the Pre-Trial Services Office, and the United States Marshal's Service until the time of his sentencing, the United States agrees that the defendant will not be arrested for the charge alleged in the criminal information.

### 10. Forfeiture Agreement

The defendant agrees to forfeit the $102,000 seized by customs and law enforcement authorities from him at Washington Dulles International Airport on October 9, 2009 as cash that was imported into United States without being declared as required by law. The defendant agrees to waive all interest in that $102,000 in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

11. **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of

6

this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

12.   **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Neil H. MacBride
United States Attorney

By: _____
Gordon D. Kromberg
Assistant United States Attorney

7

FROM : TOMMY TALLARICO STUDIOS, INC.    PHONE NO. : 19494887888    Jul. 09 2010 04:43PM P1

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: July 9, 2010

Thomas Andrew Tallarico
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: _____

Samuel G. Williamson
Counsel for the Defendant

8

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 1:10mj |
| | ) |
| THOMAS ANDREW TALLARICO, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The parties stipulate that the allegations in the Criminal Information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt:

1. Thomas Andrew Tallarico is a professional composer and musician. He is the founder of Mystical Stone Entertainment, LLC, a company whose purpose is to operate his world touring musical production entitled Video Games Live. Video Games Live is a concert event that features music from video games performed by orchestras and choirs.

2. On October 9, 2009, Thomas Andrew Tallarico arrived at Washington Dulles International Airport upon his return to the United States from putting on a Video Games Live concert in Brazil. Upon his arrival, he knew that he had in his possession approximately $103,904 in cash that he had received in Brazil, and he knew that he was obligated to report to the customs authorities that he was bringing in to the country more than $10,000 in cash. Although he knew that he was required to declare that he was carrying over $100,000 in cash into the country, he did not do so.

3. Upon his entry into the country on October 9, 2009, Tallaricko knew that his brother and business associate filed a Customs Declaration on their common behalf, in which it was

3. Upon his entry into the country on October 9, 2009, Tallaricko knew that his brother and business associate filed a Customs Declaration on their common behalf, in which it was denied that they were bringing into the country more than $10,000 in cash. Tallarico knew that this Customs Declaration was false.

4. After arriving at Washington Dulles International Airport on October 9, 2009, Tallarico cleared primary and secondary inspection by the Bureau of Customs and Border Protection ("CBP"). In order to reach his connecting flight to Philadelphia, he continued on to the Transportation Security Administration "(TSA") screening check point located approximately 100 yards down the hall. At the TSA checkpoint, screeners found more than $100,000 in cash in his bag, at which point Tallarico was escorted back to CBP for further investigation.

5. Once back with CBP, Tallarico was questioned about the money found by the TSA screeners. Tallarico said that he was paid about $100,000 in cash in Brazil before leaving for the United States. He said that the reason that he carried the money to the United States in cash was because the banks were on strike in Brazil the day he got the money for putting on a concert. He stated that he did not declare the money on a Customs Declaration because he did not carry the money across the border himself. He further stated that he had distributed the money to the members of his band on the flight beforehand in amounts less than $10,000 so that he would not have to declare the cash upon his arrival in the US - - and then collected the cash back from them after he passed through Customs.

6. Although banks in Brazil were on strike when Tallarico departed Brazil for the United States, he neither distributed the money to the members of his band on the flight beforehand in amounts less than $10,000, nor collected the cash back from them after they passed through

2

Customs. Instead, he carried the money into the United States in his own bags, and he made up the story about distributing the cash to members of his band and then collecting it back from them in an attempt to avoid responsibility for failing to declare the money on his entry into the United States.

7. On November 19, 2009, while Tallarico was traveling overseas, he returned a telephone call to an ICE investigator, and told him that, on October 9, 2009, he had possessed the money himself the whole time and had not, in fact, distributed it to the members of his band on the flight beforehand in amounts less than $10,000, nor collected it back from them after they passed through Customs. From November 19th forward, Tallarico cooperated fully with the investigators.

The acts taken by the defendant, Thomas Andrew Tallarico, in furtherance of the offense charged in this case, including the acts described above, were done knowingly and not by accident or mistake.

                Respectfully submitted,

                Neil H. MacBride
                United States Attorney

By: _____
                Gordon D. Kromberg
                Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Thomas Andrew Tallarico, and the United States, I hereby stipulate

3

FROM : TOMMY TALLARICO STUDIOS, INC.    PHONE NO. : 19494887888    Jul. 09 2010 04:43PM P2

that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Thomas Andrew Tallarico

I am Thomas Andrew Tallarico's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Samuel G. Williamson
Attorney for Thomas Andrew Tallarico

4